Kevin J. Nash
Neal M. Rosenbloom
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, New York 10036
Telephone: (212) 221-5700
Facsimile:  (212) 335-4501

Proposed Counsel for the Debtors

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| In re:                               | Chapter 11                  |
|--------------------------------------|-----------------------------|
| NEW YORK CRANE & EQUIPMENT CORP.,    | Case No. 16-40043 (CEC)     |
|                                      | Case No. 16-40044 (CEC)     |
| Debtors.                             | Case No. 16-40045 (CEC)     |
|                                      | Case No. 16-40048 CEC)      |
|                                      | Jointly Administered        |

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER AUTHORIZING DEBTORS TO PAY ACCRUED
### PRE-PETITION WAGES, TAXES AND WITHHOLDING TAXES

New York Crane & Equipment Corp. ("New York Crane"), J.F. Lomma, Inc. (DE) and J.F. Lomma, Inc. (NJ) (collectively "Debtors"), hereby submit this motion (the "Motion") for authorization to pay accrued pre-petition wages, taxes and withholdings together with granting related relief. In support of the Motion, the Debtors rely upon and incorporate by reference the Consolidated Declaration of James F. Lomma Pursuant to Local Bankruptcy Rule 1007-4 (the "Declaration"), previously filed with the Court on January 6, 2016. In further support of the Motion, the Debtor, by and through the undersigned proposed counsel, respectfully represents as follows:

### BACKGROUND

1.      On January 6, 2016 (the "Petition Date"), the Debtors commenced their Chapter 11 case (the "Chapter 11 Case") by filing voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code. The Debtors continue to manage and operate their businesses as a debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 cases.

3. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading up to the filing of these Chapter 11 cases, are set forth in detail in the Declaration and accompanying bankruptcy petitions and schedules.

4. For the sake of continuity, certain background facts bear repeating. Historically, the Debtors have operated successful crane, trucking and rigging companies doing business in New York City and other parts of the country. Indeed, the Debtors have provided equipment and services in connection with many significant development projects over the years, including current projects being serviced by New York Crane at the Hudson Yards, the re-development of the World Trade Center, and replacement of the Kosciuszko Bridge in Brooklyn.

5. On May 30, 2008, a Kodiak tower crane owned by New York Crane, and leased to a concrete subcontractor known as Sorbara Construction Corporation ("Sorbara") collapsed while in use at a construction site at 333 East 91st Street in New York City. The crane operator employed by Sorbara, Donald Leo, and another construction worker, Ramadan Kurtaj, died in the accident. The accident was widely chronicled and led to a number of litigations, both criminally and civilly.

6. While the Debtors were fully acquitted, after a ten month civil trial, a jury found in favor of the respective estates of Donald Leo and Ramadan Kurtaj, awarding 48 million dollars in total compensatory damages and 48 million dollars in punitive damages on August 3, 2015. Liability was apportioned 61% against James Lomma personally, 19% against New York Crane and 20% against J.F. Lomma, Inc. without specifying any apportionment as between the Trucking and Rigging companies.

2

7.  The Debtors' civil litigation attorneys believe there are substantial grounds to appeal and reverse the jury verdict based on the fact, inter alia, that significant evidence introduced in the criminal trial relating to operator error and crew error were not admitted in the civil trial. The Debtors intend to vigorously pursue their appellate rights and have already prepared and filed notices of appeal which they intend to perfect with the Appellate Division as quickly as possible.

8.  In the interim, the Debtors intend to maintain its active operating businesses and continue to employ all of its full-time workers as its on-going construction projects continue.

## NATURE OF RELIEF REQUESTED

9.  To facilitate ongoing operations, the Debtors request that the Court enter an Order authorizing the Debtors: (a) to pay and/or perform pre-petition obligations to current employees, including accrued pre-petition wages and salaries (collectively, the "Employee Claims"); and (b) to pay all related pre-petition withholdings and payroll-related taxes associated with the Employee Claims (the "Employee Taxes") (collectively, the "Pre-petition Employee Obligations").

**A.  WAGES, SALARIES**

10. As is typical in most businesses, the Debtors pay employees' salaries and payrolls in arrears. Employees are paid weekly on Thursday or Friday of each week. At the present time, the Debtors issued and are holding employees' checks for the pre-petition payroll ending January 3, 2016. The Debtors request authorization to release these checks to the affected employees immediately. On January 14, 2016, the Debtors are required to pay its next payroll which technically overlaps the pre- and post-petition period ending January 10, 2016.

11. The checks do not include managerial payroll and officer payroll, which are paid on the 15th and 30th days of each month. The Debtors seek authorization to make the January 15 payroll when it falls due. The managerial payroll totals approximately $100,000. James F. Lomma is the sole

officer of the Debtors, and is a Debtor in his own individual capacity. Mr. Lomma will not be seeking compensation for his pre-petition wages.

12. As is set forth in the Declaration, New York Crane & Equipment Corp. employs a total work force of seventeen (17) people. J.F. Lomma, Inc. (Trucking) employs a total work force of seventy-five (75) people. The Debtor, J.F. Lomma, Inc. (Rigging) employs a total work force of thirty-seven (37) people.

13. The three operating Debtors' payrolls for the week ending January 3, 2016 total $115,576.83. It is anticipated that the three operating Debtors' payroll for the week ending January 10, 2016 will be substantially similar to the Debtors' payroll for the week ending January 3, 2016. The Debtors have detailed listings of the names of the employees and their respective compensation. The payroll information is confidential, and is therefore not annexed hereto. However, counsel will have the payroll information at the hearings for the Court to inspect.

14. The Debtors seek to (a) pay the outstanding amounts owed to Employees as of January 3, 2016 and January 10, 2016 for accrued and unpaid wages and salaries, (b) remit amounts that the Debtors are required by law to withhold from Employee payroll checks in respect of federal, state and local income taxes, garnishment contributions, social security and Medicare taxes and the payroll administration fee, and (c) pay the employer portion of payroll taxes and other benefits. The amount owed to any Employee on account of pre-petition wages and salaries does not exceed $12,475.

### BASIS FOR RELIEF

A. **THE PROPOSED PAYMENTS ARE ACCORDED PRIORITY UNDER SECTION 507 OF THE BANKRUPTCY CODE**

15. Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code require that certain claims for pre-petition wages, salaries, commissions, vacation, sick leave and employee benefit contributions be accorded priority in payment in an amount not to exceed $12,475 for each employee (to the extent such amounts accrued within 180 days of the Petition Date). None of the Employees is owed amounts

in excess of the statutory caps of Bankruptcy Code sections 507(a)(4) and 507(a)(5). Thus, granting the relief requested is consistent with the Bankruptcy Code's purpose in ensuring employees are paid in full on account of the priority status of their claims, up to the statutorily imposed limit. Accordingly, the Debtors submit that no prejudice to creditors or other parties in interest would result from granting the relief requested herein.

B. **THE PAYMENT OF THE PRE-PETITION EMPLOYEE OBLIGATIONS IS APPROPRIATE UNDER SECTION 541 OF THE BANKRUPTCY CODE**

16. The Debtors also seek authority to pay certain deductions, withholdings and payroll taxes to the appropriate entities. These amounts principally represent Employee earnings that governments, employees and judicial authorities have designated for deduction from Employees' paychecks. Indeed, certain deductions, including contributions to various Employee benefit programs and child support and alimony payments, are not property of the Debtors' estates because they have been withheld from Employees' paychecks on another party's behalf. See 11 U.S.C. § 541(b).

17. Further, federal and state laws require the Debtors and their officers to make certain tax payments that have been withheld from their Employees' paychecks. See 26 U.S.C. § 6672 and 7501(a); see also City of Farrell v. Sharon Steel Corp., 41 F.3d 92, 95-97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); DuCharmes & Co., Inc. v. State of Mich. (In re DuCharmes & Co.), 852 F.2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes).

18. Because the deductions and payroll taxes are not property of the Debtors' estates, the Debtors request that this Court authorize them to transmit the deductions and payroll taxes to the proper parties.

19.     Furthermore, pursuant to state law, the Debtors must maintain the Workers' Compensation Program. If the Debtors fail to maintain the Workers' Compensation Program, state law may prohibit them from operating. Payment of all Workers' Compensation Premiums, therefore, is crucial to the continued operation of the Debtors' businesses.

C.  **THE PROPOSED PAYMENTS ARE APPROPRIATE UNDER SECTIONS 105(a), 363(b), 1107(A) AND 1108 OF THE BANKRUPTCY CODE, AND THE DOCTRINE OF NECESSITY**

20.     Bankruptcy Courts generally acknowledge that it is appropriate to authorize the payment of pre-petition obligations where necessary to protect and preserve the estate. See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authority to pay pre-petition wages); Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.), 29 B.R. 391, 398 (S.D.N.Y. 1983) (authority to pay pre-petition claims of suppliers); see also In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

   1.  **Valid Business Justification under Section 363(b)**

21.     Under Section 363(b) of the Bankruptcy Code, after notice and a hearing, a bankruptcy court may authorize a Chapter 11 debtor to use property of the estate other than in the ordinary course of business. Under the same section, a court should authorize non-ordinary course business transactions where the debtor has articulated a valid business justification for the requested use of estate assets. See Ionosphere Clubs, 98 B.R. at 175 (section 363(b) gives the court "broad flexibility" to make payments outside of ordinary course of business as long as the debtor articulates a business justification).

22.     The payment of the Pre-petition Employee Obligations serves the sound business purpose of maximizing the value of the Debtors' estates. The Debtors' success in these Chapter 11 Cases hinges in part on the morale and continued efforts of the Employees. Through the payment of the Pre-petition Employee Obligations, the Debtors seek to motivate and encourage the Employees to

6

continue to support the Debtors' reorganization efforts. Accordingly, this Court should grant the requested relief under Section 363 of the Bankruptcy Code.

**2. Equitable Doctrines**

23. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

24. Therefore, the relief requested represents a sound exercise of the Debtors' business judgment, is necessary to avoid immediate and irreparable harm to the Debtors' estates and is therefore justified under the applicable authority.

25. Bankruptcy Courts routinely approve payment of pre-petition claims for compensation, benefits, and expense reimbursements similar to those described herein. See, e.g., In re Sbarro, Inc., Case No. 11-11527 (Bankr. S.D.N.Y. May 5, 2011); In re Great Atlantic & Pacific Tea Company, Inc., Case No. 10-24549 (Bankr. S.D.N.Y. Jan 13, 2011); In re Insight Health Servs. Holdings Corp., Case No. 10-16564 (Bankr. S.D.N.Y. Jan. 4, 2011)

## IMMEDIATE RELIEF AND WAIVER OF STAY IS NECESSARY TO AVOID IRREPARABLE HARM

26. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm," which as noted above, is the impetus for this Motion. Accordingly, the relief sought should go into effect immediately to avoid immediate and irreparable harm to the Debtors and their estates. This interim relief is subject to entry of a final order after additional notice.

27. Consistent with Bankruptcy Rule 6003, the Debtors also request that the Court waive any stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry

of the order, unless the court orders otherwise." For the reasons set forth herein, the waiver of the stay is necessary for the Debtors to operate their businesses without interruption and to preserve asset values for creditors.

## NOTICE

28. No trustee, examiner or official committee of unsecured creditors has been appointed in this Chapter 11 Case. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the parties included on the Debtors' list of twenty (20) largest unsecured creditors; and (iv) any such other party entitled to notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   New York, New York
         January 7, 2016                      Respectfully submitted,

                                                  /s/ Kevin J. Nash
                                                  Kevin J. Nash
                                                  Neal M. Rosenbloom
                                                 J. Ted Donovan
                                                 Goldberg Weprin Finkel Goldstein LLP
                                                 Proposed Counsel for the Debtor
                                                 1501 Broadway – 22nd Floor
                                                 New York, New York 10036
                                                 Telephone: (212) 221-5700
                                                 KNash@gwfglaw.com

x:\gwfg\new data\yen\word\lomma, james\new york crane & equipment corp\wage and salary motion (1-7-16).docx

## EXHIBIT A

Proposed Interim Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK CRANE & EQUIPMENT CORP.,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-40043 (CEC)<br>Case No. 16-40044 (CEC)<br>Case No. 16-40045 (CEC)<br>Case No. 16-40048 CEC)<br>Jointly Administered |

## INTERIM ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION WAGES, COMPENSATION, AND WITHHOLDINGS

Upon the motion (the "Motion")[1] of the Debtors for entry of an interim (this "Order") and final order under sections 363, 507(a)(4) and 507(a)(5), 1107(a) and 1108 and Bankruptcy Rule 6003, authorizing the Debtors to (a) pay and/or perform pre-petition obligations to current employees, including accrued pre-petition wages and salaries (collectively, the "Employee Claims"); (b) pay all related pre-petition withholdings and payroll-related taxes associated with the Employee Claims (the "Employee Taxes") (collectively, the "Pre-petition Employee Obligations"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

10

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted on an interim basis as set forth herein.

2. Subject to the limitations contained in sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtors are authorized to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Pre-petition Employee Obligations), the Pre-petition Employee Obligations as and when such obligations are due upon entry of this Interim Order.

3. The Debtors may pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments, other types of withholding and Workman's Compensation Insurance whether these relate to the period prior to the Petition Date.

4. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

5. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from Section 365 of the Bankruptcy Code, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

6. Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein.

7. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

8. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The deadline to object is _____ (the "Objection on Deadline").

12. The final hearing to consider entry of a final order granting the relief requested in the Motion on a final basis shall be held on January \_\_\_\_, 2016 at \_\_\_\_\_ Eastern Time; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, Attn: Kevin J. Nash, Esq. and Neal M. Rosenbloom, Esq.; (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Nazar Khodorovsky and (iii) counsel to any statutory committee appointed in this Chapter 11 Case so that it is actually received on or before the Objection Deadline

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5

# EXHIBIT B

Proposed Final Order

Case 1-16-40048-cec    Doc 4    Filed 01/07/16    Entered 01/07/16 18:34:41

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK CRANE & EQUIPMENT CORP.,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-40043 (CEC)<br>Case No. 16-40044 (CEC)<br>Case No. 16-40045 (CEC)<br>Case No. 16-40048 CEC)<br>Jointly Administered |

FINAL ORDER AUTHORIZING DEBTOR TO
PAY PRE-PETITION WAGES, COMPENSATION,
AND EMPLOYEE BENEFITS

Upon the motion (the "Motion")[1] of the Debtors for entry of an interim and final order (this "Order") under sections 363, 507(a)(4) and 507(a)(5), 1107(a) and 1108 and Bankruptcy Rule 6003 authorizing the Debtors to (a) pay and/or perform pre-petition obligations to current employees, including accrued pre-petition wages and salaries (collectively, the "Employee Claims"); (b) pay all related pre-petition withholdings and payroll-related taxes associated with the Employee Claims (the "Employee Taxes") (collectively, the "Pre-petition Employee Obligations"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and

---

[1] Al capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

   **ORDERED, ADJUDGED AND DECREED that:**

   1. The Motion is granted on a final basis as set forth herein.

   2. Subject to the limitations contained in sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Pre-petition Employee Obligations), in their sole discretion, the Pre-petition Employee Obligations as and when such obligations are due upon entry of this Final Order.

   4. The Debtors may pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments other types of withholding and Workman's Compensation Insurance whether these relate to the period prior to the Petition Date.

   5. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Final Order.

   6. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

7. Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

10. Notice 1of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.